99 F.3d 1145
 1997 A.M.C. 608
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
CROWLEY MARINE SERVICES, INC., a Delaware corporation, f/k/a
Puget Sound Tug & Barge Company, a Washington
corporation, Plaintiff-Appellant,
v.
Paul HUNT, an Underwriter at Lloyd's of London, on behalf of
himself and all those other Lloyd's Underwriters subscribing
to insurance policy PY036790; Underwriters at Lloyd's of
London, etc., et al.; Institute of London Underwriters;
Indemnity Marine Assurance Co. Ltd.; Commercial Union
Insurance Company; Threadneedle Insurance Company, Ltd.,
Defendants-Appellees.
 No. 95-35876.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 10, 1996.
Decided Oct. 25, 1996.
 
 Before: BROWNING, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Crowley Marine Services, formerly Puget Sound Tug & Barge Co. ("Crowley"), appeals the district court's grant of summary judgment in favor of certain underwriters at Lloyd's of London ("underwriters") in a maritime insurance coverage dispute. The underwriters subscribed to maritime insurance policies on which the Washington State Department of Transportation ("DOT") was a named insured, and DOT sought to add a Crowley barge to the policies pursuant to a charter agreement with Crowley. Crowley alleges that the underwriters failed to fulfill their obligation to provide defense and coverage on claims related to the death of a Crowley employee. We affirm the district court's conclusion that the underwriters had no such obligation because the maritime contract setting forth the terms of coverage was a bareboat charter that had not commenced on the date of the accident. We do not reach the question of whether Crowley violated the duty of uberrimae fidei, or "utmost good faith" by failing to disclose Sugden's death.
 
 
 3
 We review de novo a grant of summary judgment. Viewing the evidence in the light most favorable to the nonmoving party, we must determine whether there are any genuine issues of material fact and whether the district court correctly applied the substantive law. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir.1995), cert. denied, 116 S.Ct. 1261 (1996).
 
 
 4
 We conclude that the district court did not err in characterizing the maritime contract at issue as a "bareboat charter agreement" and in determining that the charter had not commenced at the time of Sugden's death because Crowley had not yet delivered the barge to DOT. The essence of a demise or bareboat charter is that the charterer stands in the shoes of the owner in almost every respect. Guzman v. Pichirilo, 369 U.S. 698, 699-700 (1962) (noting that bareboat charter is "tantamount to, though just short of, an outright transfer of ownership"); Marr Enters., Inc. v. Lewis Refrigeration Co., 556 F.2d 951, 957-58 & n. 8 (9th Cir.1977); see also Amoco Egypt Oil Co. v. Leonis Navigation Co., 1 F.3d 848, 849 n. 1 (9th Cir.1993). As a consequence, such a charter commences only when the owner of the vessel relinquishes actual control of the vessel to the charterer. See Guzman, 369 U.S. at 699; In re Marine Sulphur Queen, 460 F.2d 89, 100 (2d Cir.), cert. denied sub nom. United States Fire Ins. Co. v. Marine Sulphur Trans. Co., 409 U.S. 982 (1972).
 
 
 5
 The terms of the agreement unequivocally indicate that it is a bareboat charter. The phrase "Uniform Bareboat Charter" is printed across the top of the first page. The agreement further provides that the "[o]wner retains no possession or control whatsoever during the charter period, it being the parties' intent to charter the vessel on a demise or bareboat basis." It is difficult to imagine a more lucid expression of the parties' intent.
 
 
 6
 Crowley's assertion that the towage provisions convert the agreement into a time charter, by restoring to Crowley elements of control over the barge, is simply incorrect. It is a basic principle of admiralty law that a tug's authority "extends only to propulsion aspects; the tow's master remains in ultimate control of the vessel, cargo, and crew." Thomas J. Schoenbaum, 2 Admiralty and Maritime Law 221 (2d ed. 1994). Therefore, the mere fact that the contract provided for towage services did not mean that Crowley would be deemed to control or direct the activity on Barge 217.
 
 
 7
 Because the essence of a bareboat charter is the transfer of the incidents of ownership and control from the owner to the charterer, see Guzman, 369 U.S. at 699, the moment of delivery is critical, see Marine Sulphur Queen, 460 F.2d at 100. Liability shifts from the owner/demisor to the demisee at the moment of delivery, see id. at 100, for it is at this point that the owner warrants the vessel's seaworthiness, Schoenbaum, supra, at 174.
 
 
 8
 Crowley contends that the DOT's insurance coverage should have begun on May 13, because the charter specified that delivery was to take place on that date. There is no serious dispute, however, that the purpose of the insurance under the charter was to insure the barge while it was within the possession and control of DOT. Indeed, the charter specifically stated that the charterer would provide insurance "throughout the term of the charter." The term of the charter clearly had not begun on May 13, as Crowley did not deliver the barge until May 17. Accordingly, the underwriters did not have an obligation to provide coverage at the time of Sugden's death.
 
 
 9
 Crowley's argument that a facsimile sent by DOT's insurance broker on May 16 extended coverage to the hour of Sugden's death is therefore irrelevant. The charter provided for insurance for the term of the charter, and the charter period had not yet begun at the time of Sugden's death.
 
 
 10
 Because resolution of the bareboat charter issue is dispositive, we need not reach the question of whether Crowley was obligated, under a duty of "utmost good faith," to disclose Sugden's death. The opinion of the district court is therefore
 
 
 11
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3